UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION at LONDON

CIVIL ACTION NO. 06-533-GWU

DOUGLAS N. CALDWELL,                                                    PLAINTIFF,

VS.                          **MEMORANDUM OPINION**

MICHAEL J. ASTRUE,
COMMISSIONER OF SOCIAL SECURITY,                        DEFENDANT.

**INTRODUCTION**

Douglas Caldwell brought this action to obtain judicial review of an unfavorable administrative decision on his application for Supplemental Security Income (SSI).   The case is before the Court on cross-motions for summary judgment.

**APPLICABLE LAW**

The Sixth Circuit Court of Appeals has set out the steps applicable to judicial review of Social Security disability benefit cases:

1.     Is the claimant currently engaged in substantial gainful activity? If yes, the claimant is not disabled.  If no, proceed to Step 2. See 20 C.F.R. 404.1520(b), 416.920(b).

2.     Does the claimant have any medically determinable physical or mental impairment(s)? If yes, proceed to Step 3.  If no, the claimant is not disabled.  See 20 C.F.R. 404.1508, 416.908.

3.     Does the claimant have any severe impairment(s)--i.e., any impairment(s) significantly limiting the claimant's physical or mental ability to do basic work activities?  If yes, proceed to

1

06-533  Caldwell

Step 4.  If no, the claimant is not disabled.  See 20 C.F.R. 404.1520(c), 404.1521, 416.920(c), 461.921.

4.    Can the claimant's severe impairment(s) be expected to result in death or last for a continuous period of at least 12 months? If yes, proceed to Step 5.  If no, the claimant is not disabled. See 20 C.F.R. 404.920(d), 416.920(d).

5.    Does the claimant have any impairment or combination of impairments meeting or equaling in severity an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 (Listing of Impairments)?  If yes, the claimant is disabled.  If no, proceed to Step 6.  See 20 C.F.R. 404.1520(d), 404.1526(a), 416.920(d), 416.926(a).

6.    Can the claimant, despite his impairment(s), considering his residual functional capacity and the physical and mental demands of the work he has done in the past, still perform this kind of past relevant work?  If yes, the claimant was not disabled.  If no, proceed to Step 7.  See 20 C.F.R. 404.1520(e), 416.920(e).

7.    Can the claimant, despite his impairment(s), considering his residual functional capacity, age, education, and past work experience, do other work--i.e., any other substantial gainful activity which exists in the national economy?  If yes, the claimant is not disabled.  See 20 C.F.R. 404.1505(a), 404.1520(f)(1), 416.905(a), 416.920(f)(1).

Garner v. Heckler, 745 F.2d 383, 387 (6th Cir. 1984).

Applying this analysis, it must be remembered that the principles pertinent to the judicial review of administrative agency action apply.  Review of the Commissioner's decision is limited in scope to determining whether the findings of fact made are supported by substantial evidence.  Jones v. Secretary of Health and Human Services, 945 F.2d 1365, 1368-1369 (6th Cir. 1991).  This "substantial

2

evidence" is "such evidence as a reasonable mind shall accept as adequate to support a conclusion;" it is based on the record as a whole and must take into account whatever in the record fairly detracts from its weight.  Garner, 745 F.2d at 387.

One of the detracting factors in the administrative decision may be the fact that the Commissioner has improperly failed to accord greater weight to a treating physician than to a doctor to whom the plaintiff was sent for the purpose of gathering information against his disability claim.  Bowie v. Secretary, 679 F.2d 654, 656 (6th Cir. 1982).  This presumes, of course, that the treating physician's opinion is based on objective medical findings.  Cf. Houston v. Secretary of Health and Human Services, 736 F.2d 365, 367 (6th Cir. 1984); King v. Heckler, 742 F.2d 968, 973 (6th Cir. 1984).  Opinions of disability from a treating physician are binding on the trier of fact only if they are not contradicted by substantial evidence to the contrary.  Hardaway v. Secretary, 823 F.2d 922 (6th Cir. 1987).  These have long been well-settled principles within the Circuit.  Jones, 945 F.2d at 1370.

Another point to keep in mind is the standard by which the Commissioner may assess allegations of pain.  Consideration should be given to all the plaintiff's symptoms including pain, and the extent to which signs and findings confirm these symptoms.   20 C.F.R. Section 404.1529 (1991).  However, in evaluating a claimant's allegations of disabling pain:

06-533  Caldwell

First, we examine whether there is objective medical evidence of an underlying medical condition.  If there is, we then examine:  (1) whether objective medical evidence confirms the severity of the alleged pain arising from the condition; or (2) whether the objectively established medical condition is of such a severity that it can reasonably be expected to produce the alleged disabling pain.

Duncan v. Secretary of Health and Human Services, 801 F.2d 847, 853 (6th Cir. 1986).

Another issue concerns the effect of proof that an impairment may be remedied by treatment.  The Sixth Circuit has held that such an impairment will not serve as a basis for the ultimate finding of disability.  Harris v. Secretary of Health and Human Services, 756 F.2d 431, 436 n.2 (6th Cir. 1984).  However, the same result does not follow if the record is devoid of any evidence that the plaintiff would have regained his residual capacity for work if he had followed his doctor's instructions to do something or if the instructions were merely recommendations. Id. Accord, Johnson v. Secretary of Health and Human Services, 794 F.2d 1106, 1113 (6th Cir. 1986).

In reviewing the record, the Court must work with the medical evidence before it, despite the plaintiff's claims that he was unable to afford extensive medical work-ups.  Gooch v. Secretary of Health and Human Services, 833 F.2d 589, 592 (6th Cir. 1987).  Further, a failure to seek treatment for a period of time may be a factor to be considered against the plaintiff, Hale v. Secretary of Health and Human Services, 816 F.2d 1078, 1082 (6th Cir. 1987), unless a claimant simply has no way

4

to afford or obtain treatment to remedy his condition, McKnight v. Sullivan, 927 F.2d 241, 242 (6th Cir. 1990).

Additional information concerning the specific steps in the test is in order.

Step six refers to the ability to return to one's past relevant category of work. Studaway v. Secretary, 815 F.2d 1074, 1076 (6th Cir. 1987).  The plaintiff is said to make out a prima facie case by proving that he or she is unable to return to work. Cf. Lashley v. Secretary of Health and Human Services, 708 F.2d 1048, 1053 (6th Cir. 1983).  However, both 20 C.F.R. 416.965(a) and 20 C.F.R. 404.1563 provide that an individual with only off-and-on work experience is considered to have had no work experience at all.  Thus, jobs held for only a brief tenure may not form the basis of the Commissioner's decision that the plaintiff has not made out its case. Id. at 1053.

Once the case is made, however, if the Commissioner has failed to properly prove that there is work in the national economy which the plaintiff can perform, then an award of benefits may, under certain circumstances, be had.  E.g., Faucher v. Secretary of Health and Human Services, 17 F.3d 171 (6th Cir. 1994).  One of the ways for the Commissioner to perform this task is through the use of the medical vocational guidelines which appear at 20 C.F.R. Part 404, Subpart P, Appendix 2 and analyze factors such as residual functional capacity, age, education and work experience.

06-533  Caldwell

One of the residual functional capacity levels used in the guidelines, called "light" level work, involves lifting no more than twenty pounds at a time with frequent lifting or carrying of objects weighing up to ten pounds; a job is listed in this category if it encompasses a great deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls; by definition, a person capable of this level of activity must have the ability to do substantially all these activities.  20 C.F.R. 404.1567(b).  "Sedentary work" is defined as having the capacity to lift no more than ten pounds at a time and occasionally lift or carry small articles and an occasional amount of walking and standing.  20 C.F.R. 404.1567(a), 416.967(a).

However, when a claimant suffers from an impairment "that significantly diminishes his capacity to work, but does not manifest itself as a limitation on strength, for example, where a claimant suffers from a mental illness . . . manipulative restrictions . . . or heightened sensitivity to environmental contaminants . . . rote application of the grid [guidelines] is inappropriate . . ." Abbott v. Sullivan, 905 F.2d 918, 926 (6th Cir. 1990).  If this non-exertional impairment is significant, the Commissioner may still use the rules as a framework for decision-making, 20 C.F.R. Part 404, Subpart P, Appendix 2, Rule 200.00(e); however, merely using the term "framework" in the text of the decision is insufficient, if a fair reading of the record reveals that the agency relied entirely on the grid.  Ibid.  In

6

such cases, the agency may be required to consult a vocational specialist.  <u>Damron v. Secretary</u>, 778 F.2d 279, 282 (6th Cir. 1985).  Even then, substantial evidence to support the Commissioner's decision may be produced through reliance on this expert testimony only if the hypothetical question given to the expert accurately portrays the plaintiff's physical and mental impairments.  <u>Varley v. Secretary of Health and Human Services</u>, 820 F.2d 777 (6th Cir. 1987).

## DISCUSSION

The Administrative Law Judge (ALJ) concluded that Caldwell, a 36 year-old man with a "limited" education and no past relevant work history, suffered from impairments related to diabetes mellitus, obesity, peripheral neuritis, dysthymia, a panic disorder, peptic ulcer disease, a sleep disorder, and chronic low back pain. (Tr. 21, 27).  Despite the plaintiff's impairments, the ALJ determined that he retained the residual functional capacity to perform a restricted range of light level work.  (Tr. 25).  Since the available work was found to constitute a significant number of jobs in the national economy, the claimant could not be considered totally disabled.  (Tr. 27-28).  In reaching this decision, the ALJ relied heavily on the information provided by a vocational expert.  (Tr. 28).

After review of the evidence presented, the undersigned concludes that the administrative decision should be affirmed.  Therefore, the Court must grant the defendant's summary judgment motion and deny that of the plaintiff.

06-533  Caldwell

The hypothetical question presented to Vocational Expert Ralph Crystal included an exertional limitation to light level work along with such non-exertional limitations as (1) the need for a sit/stand option in one-hour intervals; (2) an inability to ever climb or balance; (3) a need to avoid working at heights and around dangerous or moving machinery; (4) an inability to more than occasionally and non-repetitively bend, stoop, crouch, kneel, or crawl; (5) a limitation to low stress, entry level work following simple, routine, repetitive, one or two step procedures with no frequent changes in work routines; and (6) a limitation concerning dealing with the public. (Tr. 426-427). In response, the witness identified a significant number of jobs in the national economy which could still be performed. (Tr. 427-428). Therefore, assuming that the vocational factors considered by Crystal fairly characterized Caldwell's condition, then a finding of disabled status, within the meaning of the Social Security Act, is precluded.

With regard to the framing of the physical factors of the hypothetical question, the undersigned can find no error. Caldwell was found capable of performing a restricted range of light level work in an administrative decision which became final on December 13, 2001. (Tr. 19). The ALJ did not reopen this application on the current appeal and indicated that he was adopting these restrictions for the time period relevant to this appeal. (Id.). Principles of res judicata require that the administration be bound by this decision unless a change

8

06-533  Caldwell

of circumstances is proved upon a subsequent application.  <u>Drummond v.</u>
<u>Commissioner of Social Security</u>, 126 F.3d 837, 842 (6th Cir. 1997).  Acquiescence
Ruling 98-4(6) instructs that the agency "must adopt [the residual functional capacity
finding] from a final decision by an ALJ or the Appeals Council on the prior claim in
determining whether the claimant is disabled with respect to the unadjudicated
period unless there is new and material evidence relating to such a finding..."  The
ALJ's findings of a restricted range of light level work is in accord with these
directives.

No treating or examining physician reported the existence of more severe
physical restrictions than those found by the ALJ during the time period pertinent to
this application.[1]  Dr. Monte Martin, an examining consultant, reported the existence
of "moderate" limitations relating to work activities and lifting.  (Tr. 201).  The
hypothetical factors appear essentially consistent with this opinion.  While Dr. Martin
did state that he would consider the plaintiff at least partially disabled until such time
as he obtained additional job training (Id.), this restriction was related to vocational
factors outside the physician's area of expertise and, so, was not binding on the
ALJ.  The hypothetical factors were also compatible with the physical limitations

---

[1]The proper inquiry in an application for SSI is whether the plaintiff was disabled
on or after the application date.  <u>Casey v. Secretary of Health and Human Services</u>, 987
F.2d 1230, 1233 (6th Cir. 1993).  The plaintiff filed his current SSI application on October
30, 2003.  (Tr. 63).

9

indicated by Dr. David Swan, a non-examining medical reviewer.  (Tr. 255-264).
These reports provide substantial evidence to support the administrative decision.

Caldwell argues that the ALJ erred in failing to give controlling weight to the
opinion of Dr. Roy Varghese, his treating physician.  In July of 2001, Dr. Varghese
identified extremely severe physical restrictions which would restrict the plaintiff to
less than a full range of sedentary level work.  (Tr. 306-308).  When these
restrictions were presented to the vocational expert, he testified that no jobs could
be performed.  (Tr. 428-430).  However, this opinion was issued during the time
period when the claimant was already found to have not been disabled and these
were specifically considered by the ALJ on the prior application which was not
reopened.  (Tr. 430).  Thus, this opinion is of limited value to the plaintiff on the
current claim.  Treatment records from Dr. Varghese pertinent to the current appeal
do not suggest a deterioration in the claimant's condition.  An x-ray of the lumbar
spine in March of 2003 was noted to be normal with the exception of anterior
hypertrophic spurring.  (Tr. 167).  In June of 2003, a chest x-ray, EKG, and
echocardiogram were all unremarkable.  (Tr. 161).  His diabetes was noted to be
under control in July of 2003.  (Tr. 160).  A November, 2003 physical examination
revealed a normal cardiovascular system, normal abdomen, and normal extremities.
(Tr. 157).  He was noted to be "doing well."  (Id.).  Therefore, the ALJ dealt properly
with the evidence of record obtained from Dr. Varghese.

06-533  Caldwell


The ALJ also dealt properly with the evidence of record relating to Caldwell's mental condition.  Dr. Kevin Eggerman examined the plaintiff and opined that he was "mildly" limited in such areas as understanding, remembering, and carrying out simple instructions and making simple judgments.  (Tr. 208-209).  A "mild to moderate" limitation of ability was indicated in his ability to interact appropriately with the public, supervisors, and co-workers.  (Tr. 209).  Finally, his ability to understand, remember and carry out detailed instructions and respond to work pressures was "moderately" limited."  (Id.).  This opinion does not suggest significant deterioration since the earlier denial decision and the restrictions are essentially compatible with the ALJ's findings.  The mental factors of the hypothetical question were also consistent with the limitations identified by psychologists Thompson Prout (Tr. 210-212) and Lea Perritt (Tr. 265-267), the non-examining medical reviewers.  Treatment notes from the staff at the Kentucky River Comprehensive Care Center also do not report the existence of more severe mental limitations than those found by the ALJ.  (Tr. 300-304).  Therefore, these reports provide substantial evidence to support the administrative decision.

Caldwell argues that the ALJ did not properly evaluate his subjective pain complaints.  Pain complaints are to be evaluated under the standards announced in Duncan v. Secretary of Human Services, 801 F.2d 847, 853 (6th Cir. 1986): there must be evidence of an underlying medical condition and (1) there must be

06-533  Caldwell

objective medical evidence to confirm the severity of the alleged pain arising from the condition or (2) the objectively determined medical condition must be of a severity which can reasonably be expected to give rise to the alleged pain.

In the present action, Caldwell was found to be suffering from a potentially painful condition.  However, even if he could be found to have satisfied the first prong of the so-called Duncan test, the claimant does not meet either of the alternative second prongs.  As previously noted, Dr. Varghese's treatment records revealed a number of largely normal clinical findings.  (Tr. 157-167).  Dr. Martin reported that his physical examination revealed a normal range of motion in the shoulders and cervical spine.  (Tr. 199).  There was no muscle weakness in the lower extremities.  (Id.).  Thus, the medical evidence does not appear sufficient to confirm the severity of the alleged pain and objective medical evidence would not appear to be consistent with the plaintiff's claims of disabling pain.  Therefore, the ALJ would appear to have properly evaluated Caldwell's pain complaints.

Caldwell also asserts that the ALJ erred in considering his problem with obesity.  However, the ALJ did specifically consider the issue of obesity and concluded that the condition did not impose totally disabling restrictions.  (Tr. 23). This action would appear appropriate.

The Court notes that Caldwell submitted several additional medical records directly to the Appeals Council which were never seen by the ALJ.  This action

06-533  Caldwell

raises an issue concerning a remand for the taking of new evidence before the Commissioner.  Cotton v. Sullivan, 2 F.3d 692 (6th Cir. 1993).

A court may order additional evidence be taken before the Commissioner, "...but only upon a showing that there is new evidence to be taken which is material and there is good cause for the failure to incorporate such evidence into the record in a prior proceeding..."   42 U.S.C. Section 405(g).   In order to demonstrate "materiality," a claimant must show that a reasonable probability exists that the Commissioner would have reached a different conclusion if originally presented with the new evidence.  Sizemore v. Secretary of Health and Human Services, 865 F.2d 709, 711 (6th Cir. 1988).

The medical records with which Caldwell seeks a remand of the action are treatment notes from the staff of Mary Breckinridge Healthcare dated between January, 2002 and May, 2006 (Tr. 312-385), treatment notes from the staff of the Dr. Anne Wasson Rural Health Center dated between October of 2005 and August, 2006 (Tr. 386-402), and a report from the staff at Mays and Associates dated from January, 2006 (Tr. 403-409).  The plaintiff has offered no explanation as to why these records were not obtained prior to the issuance of the ALJ 's final decision on March 21, 2006.  While some of the records were not in existence at the time of this decision, such, by itself, does not satisfy the good cause test and a valid reason for failure to obtain the evidence must still be shown.  Oliver v. Secretary of Health and

13

06-533  Caldwell

Human Services, 804 F.2d 964, 966 (6th Cir. 1986).  Furthermore, these reports do not identify the existence of more severe functional restrictions than those found by the ALJ.  Therefore, the claimant has failed to meet either the "good cause" or "materiality" requirements and, so, a remand for the taking of new evidence is not appropriate.

After a review of the evidence presented, the undersigned concludes that the administrative decision should be affirmed.  Therefore, the Court must grant the defendant's summary judgment motion and deny that of the plaintiff.  A separate judgment and order will be entered simultaneously consistent with this opinion.

This the 6th day of December, 2007.



**Signed By:**

**G. Wix Unthank**

**United States Senior Judge**